NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN IRELAND, M.D., an individual, | No. 21-35337 |
| Plaintiff-Appellant, | D.C. No. 6:16-cv-02054-MK |
| v. | |
| BEND NEUROLOGICAL ASSOCIATES, LLC, an Oregon limited liability company; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Mustafa T. Kasubhai, Magistrate Judge, Presiding[**]

Submitted April 5, 2023[***]

Before: WALLACE, D. NELSON, and FERNANDEZ, Circuit Judges.

Stephen Ireland appeals pro se from the district court's summary judgment

in his action alleging federal and state law claims. We have jurisdiction under 28

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo the district court's decision on cross-motions for summary judgment.  *Guatay Christian Fellowship v. Cnty. San Diego*, 670 F.3d 957, 970 (9th Cir. 2011).  We affirm.

The district court properly granted summary judgment for defendants on Ireland's "rule of reason" Sherman Act claim because Ireland failed to raise a genuine dispute of material fact as to whether defendants either intended to harm or unreasonably restrain competition or as to whether defendants actually caused an injury to competition.  *See Austin v. McNamara*, 979 F.2d 728, 738–39 (9th Cir. 1992) (setting forth elements of a "rule of reason" Sherman Act § 1 claim).

The district court also properly granted summary judgment for defendants on Ireland's intentional interference with economic relations claim because Ireland failed to raise a genuine dispute of material fact as to whether defendants intentionally interfered with a professional or business relationship through improper means or for an improper purpose.  *See Kraemer v. Harding*, 976 P.2d 1160, 1170 (Or. App. 1999) (establishing elements of an intentional interference with economic relations claim).

**AFFIRMED.**